

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

ANDRX PHARMACEUTICALS, INC.,

        Plaintiff,

v.

ELAN CORPORATION, PLC.,

        Defendant.
_____/

## COMPLAINT

ANDRX PHARMACEUTICALS, INC., Plaintiff, a Florida Corporation, hereby files this complaint against Defendant ELAN CORPORATION, PLC., and alleges as follows:

### GENERAL JURISDICTIONAL ALLEGATIONS

1.    This is an action for violations of the antitrust laws and the common law of the United States and the State of Florida for injunctive relief and monetary damages in excess of $ 75,000 exclusive of interest, costs and attorneys fees.

2.    Plaintiff is a Florida corporation having its principal place of business in the State of Florida.

3.    Upon information and belief, Defendant Elan Corporation, PLC is an Irish corporation having its corporate offices and principal place of business at Lincoln House, Lincoln Place, Dublin 2, Ireland.

4. Subject matter jurisdiction, founded upon federal question and antitrust, is proper pursuant to 28 U.S.C. §§ 1331 and 1337, respectively.

5. Supplemental jurisdiction over all other claims is proper pursuant to 28 U.S.C. § 1367.

6. Plaintiff committed tortious acts within the state of Florida, as more fully detailed herein, and therefore subjected itself to the personal jurisdiction of this court pursuant to Fla.Stat. §48.193(1)(b).

7. Personal jurisdiction over the Plaintiff, founded upon diversity of citizenship, is proper pursuant to 28 U.S.C. § 1332.

8. Alternatively, upon information and belief, Defendant Elan Corporation, PLC is doing business in Florida through its wholly owned subsidiaries. Accordingly, personal jurisdiction is proper based on Fla. Stat. § 48.193(1)(a).

## COUNT I

9. This complaint is brought to recover damages caused by reason of, and for injunctive relief against, the violations of Elan, as below alleged, of the antitrust laws of the United States, more particularly, Sections 1 and 2 of the Sherman Antitrust Act (15 U.S.C. §§ 1 and 2).

10. Subject matter jurisdiction for this complaint is based upon the provisions of 28 U.S.C. §§ 1331 and 1337, Sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15 and 26) and Rule 13 of the Federal Rules of Civil Procedure.

11. Elan is a corporation organized and existing under the laws of Ireland, having its principal place of business at Dublin, Ireland.

12. On information and belief, Elan is doing business in Florida through its wholly owned subsidiaries. Accordingly, personal jurisdiction is proper based on Fla. Stat. § 48.193(1)(a).

13. On information and belief, Andrx has been tortiously injured and damaged by Elan's filing of Complaints against Andrx in the Southern District of Florida which complaints assert a patent that is invalid, void and unenforceable, and which Complaints were filed in furtherance of a scheme to monopolize the commerce of controlled release naproxen in the United States. Accordingly, personal jurisdiction is proper based on Fla. Stat. § 48.193(1)(f).

14. Naproxen is one of the most popular Analgesic medications on the market. Annual U.S. sales of controlled release naproxen as of 1999 amounted to approximately $55 million.

15. Plaintiff Elan is the only source in the United States for controlled release naproxen. Elan accounted for approximately $55 million dollars or 100 percent of the estimated total annual U.S. sales of controlled release naproxen in 1999.

16. Controlled release naproxen is a relevant product market for purposes of the antitrust laws of the United States.

17. For a large number of patients, controlled release naproxen is uniquely suited to provide safe and effective treatment for pain and other disorders.

18. A principal advantage of controlled release naproxen is that it avoids undesirable fluctuation in naproxen concentrations in the patient's blood, as may occur with multiple daily doses of immediate release delivery forms of naproxen.

19. Elan markets and sells controlled naproxen throughout the United States.

20. The United States is a relevant geographic market in which to assess the effects of Elan's anti-competitive acts with respect to the relevant product market for controlled release naproxen.

21. In response to the threat of competition in the controlled release naproxen market, Elan conspired with Britestone Pharma, Inc. (Britestone) to prevent competition in the market for controlled release naproxen by entering into an Agreement dated on or about May 13, 1999, whereby Britestone admitted to infringing the '320 patent, accepted an injunction from further unlicensed manufacture, use sale, offer for sale or import of controlled release naproxen. In addition, upon information and belief, Britestone and/or its parent or affiliated third- party foreign corporation accepted a payment from Elan as consideration for not continuing to press a claim for non-infringement of the '320 patent when there was no factual basis on which Britestone could have been found liable for infringement of the '320 patent.

22. As a part of the conspiracy between Britestone and Elan, the parties agreed to keep the Agreement secret and all records relating to the Agreement in the hands of Britestone were destroyed or placed in the hands of an affiliated third-party foreign corporation in a continuing effort to further the conspiracy.

23. Upon information and belief, Elan has engaged in a pattern and practice of baseless and sham litigation and misuse of the statutory and administrative provisions which regulate the filing and approval of Abbreviated New Drug Applications which must be filed by companies seeking to enter the United States market for controlled release naproxen.

24. Elan has based its actions in part on the '320 patent which it knows was not validly issued because of <u>inter alia</u>, the SCRIP publication of June 22, 1988 which advertised its controlled release naproxen in the United States more than one year prior to the filing of the application which resulted in the '320 patent.

25. In response to the Andrx' notice of non-infringement under 15 U.S.C §305(j), Elan commenced a lawsuit on October 10, 1998, in the Southern District of Florida styled as <u>Elan Pharmaceuticals, PLC v. Andrx Pharmaceuticals, Inc.</u>, Civil Action No. 98-7164-Jordan.

26.     Elan has pursued that patent infringement litigation despite the absence of any reasonable belief that the claim might fairly be held to be valid upon adjudication. In fact, no reasonable litigant could realistically have expected success on the merits. Indeed, the adjudication of that action is not what Elan was seeking. Elan's goal and intention in bringing that action was solely to harm Andrx and cause Andrx damage from the automatic administrative delay in the approval process that Elan knew their action would trigger.

27.     Elan's singular intention in commencing the action against Andrx on October 23, 1998 was to indefinitely delay and prevent the entry of Andrx's product into the marketplace.

28.     Because of the filing of the infringement action against Andrx, the Andrx' ANDA cannot be approved by the FDA until thirty months after Elan's receipt of the 505(b) notice or such shorter or longer period as the Florida district court may order.

29.     Elan succeeded in its scheme to restrain trade in controlled release naproxen thus causing injury to Andrx by impairing its ability to compete in the same naproxen market.

30.     On or about June 10, 2000, pursuant to Section 505(j) of the Federal Food, Drug and Cosmetic Act, Title 21, United States Code, Section 355(j), ("21 U.S.C. § 355(j)") Andrx gave a second notice to Elan of Andrx's second ANDA for the sale of a second dosage form of naproxen and certified that Andrx' submission of its ANDA to the FDA did not constitute an act of infringement of the '320 patent pursuant to 35 U.S.C. § 271(e).

31.     In response to Andrx's notice, on or about August 1, 2000, Elan commenced a lawsuit in the Southern District of Florida styled as <u>Elan Corporation, PLC. v. Andrx Pharmaceuticals, Inc.</u>, Civil Action No. 00-07057-Jordan.

32.     Elan commenced and is pursuing this patent infringement litigation despite the absence of any reasonable belief that its claim may fairly be held to be valid upon adjudication because prior to filing the present complaint, Elan knew that the '320 patent was invalid based on the Scrip June 22, 1988 publication which placed the controlled release

naproxen formulation of the '320 patent on sale and/or in public use within the meaning of 35 U.S.C. §102(b).

33. No reasonable litigant could realistically expect success on the merits. Indeed, the adjudication of either pending action is not what Elan is actually seeking. Instead, Elan's goal and intention in bringing both actions is solely to harm Andrx and cause it damage from the automatic administrative delay in the approval process that Elan knew their action would trigger.

34. Elan's singular intention in commencing both actions against Andrx was to indefinitely delay and prevent the entry of Andrx's product into the marketplace.

35. Because of the filing of the infringement actions against Andrx, Andrx's ANDA will not be approved by the FDA until thirty months after Elan's receipt of the 505(j) notice or such shorter or longer period as the Florida district court may order.

36. The delay in the ANDA administrative process caused by Elan's actions will result in the delay of the introduction of Andrx's product in the marketplace and thereby compel Andrx to miss or be precluded from up to 30 months of sales.

37. Such delay will cause and aggravate the substantial damage caused to Andrx by Elan in that Andrx will be prevented from acquiring the vital market niche that a timely and regular introduction of Andrx's product would otherwise have allowed.

38. Elan's strategy of intentionally delaying the approval process for Andrx' ANDA has enabled them to preserve their undeserved monopoly control over the controlled release naproxen market in the United States.

39. Elan's actions substantially affect the interstate commerce of the United States.

40. As a direct and proximate result of Elan's conduct, Andrx has sustained damage and injury to its business and property in that: (a) Andrx has incurred expenses it would not have incurred in the absence of Elan's conduct; and (b) Andrx's business and property have

been damaged and impaired. Andrx will continue to sustain damages indefinitely as a direct and proximate result of the acts of Elan.

41. At this time, the exact amount of Andrx's damages has not been calculated; however, Andrx believes its damages, before trebling, may be, and indeed may exceed, $25 Million annually due to the anti-competitive and monopolistic behavior of Elan. Moreover, the depth and breadth of the damage caused to Andrx may ultimately leave it without an adequate remedy at law.

42. As a direct and proximate result of Elan's conduct, the general public has been deprived of the less expensive generic product. Indeed, the public at large has been and will be injured in that Elan has conspired and attempted to deprive the consuming public of the unique benefits of Andrx controlled release naproxen formulation at a price established in the open market by the economic forces of supply and demand.

43. As a direct and proximate result of the conduct of Elan, competition has been and will be monopolized, restrained and foreclosed in the market for controlled release naproxen in the United States in that Andrx and others will be foreclosed from entry into those markets and sub-markets and precluded from competing effectively.

44. Elan through the above-described conduct has conspired and combined in a plan, common design and understanding with specific intent to eliminate competitors for controlled release naproxen in the United States.

45. The conduct of Elan constitutes a contract, combination, or conspiracy in unreasonable restraint of trade in naproxen products in the United States in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

46. By reason of these violations, Andrx has been and will continue to be injured in its business and property. Andrx is entitled to recover threefold such actual damages as determined, plus injunctive relief and Andrx' cost of suit, including a reasonable attorney's fee.

## COUNT II

47. Andrx repeats and realleges each and every allegation contained in paragraphs 1 through 8 and 11 through 46 with the same force and effect as though said allegations were fully set forth herein.

48. The above-described conduct of Elan constitutes acts of monopolization undertaken with specific intent to monopolize and preserve a monopoly in the market for controlled release naproxen products in the United States in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

49. By reason of these violations, Andrx has been and will continue to be injured in its business and property. Andrx is entitled to recover threefold such actual damages as determined, plus injunctive relief and Andrx' cost of suit, including a reasonable attorney's fee, pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26. An award of punitive and exemplary damages is also warranted to the full extent the law shall permit or the trier of fact shall find.

## COUNT III

50. Andrx repeats and realleges each and every allegation contained in paragraphs 1 through 8 and 11 through 46 with the same force and effect as though said allegations were fully set forth herein.

51. The conduct of Elan constitutes a combination or conspiracy undertaken with the specific intent to monopolize and preserve a monopoly in the market for controlled release naproxen in the United States in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

52. By reason of these violations, Andrx has been and will continue to be injured in its business and property. Andrx is entitled to recover threefold such actual damages as determined, plus injunctive relief and Andrx's cost of suit, including a reasonable attorney's fee, pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26. An award of

punitive and exemplary damages is also warranted to the full extent the law shall permit or the trier of fact shall find.

### COUNT IV

53. Andrx repeats and realleges each and every allegation contained in paragraphs 1 through 8 and 11 through 46 with the same force and effect as though said allegations were fully set forth herein.

54. The above-described conduct of Elan constitutes an attempt to monopolize the market for controlled release naproxen products in the United States in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

55. Elan has engaged in the exclusionary, unfair and anti-competitive acts described above, with the specific intent to obtain monopoly power, and has thereby achieved a probability of success that they have or will obtain a monopoly in the market for controlled release naproxen in the United States.

56. Such conduct in attempting to monopolize the market for controlled release naproxen products in the United States constitutes a violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

57. By reason of these violations, Andrx has been and will continue to be injured in its business and property and is entitled to recover threefold such actual damages as the trier of fact finds plaintiff to have sustained, injunctive relief, and Andrx' cost of suit, including a reasonable attorney's fee, pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15,

58. An award of punitive and exemplary damages is also warranted to the full extent the law shall permit or the trier of fact shall find.

## COUNT V

59. Andrx repeats and realleges each and every allegation contained in paragraphs 1 through 8 and 11 through 46 with the same force and effect as though said allegations were fully set forth herein.

60. Elan, through the above-described conduct, have conspired and combined to restrain trade or commerce in the State of Florida with specific intent to prevent competition in the role of controlled release naproxen products in Florida.

61. The conduct of Elan constitutes a violation of Fla. Stat. § 542.18.

62. By reason of this violation, Andrx has been injured in its business and property and is entitled to recover threefold such actual damages as the trier of fact finds Andrx to have sustained and the cost of suit including a reasonable attorney fee and injunctive relief. Fla. Stat. §§ 542.22-23.

## COUNT VI

63. Andrx repeats and realleges each and every allegation contained in paragraphs 1 through 8 and 11 through 46 with the same force and effect as though said allegations were fully set forth herein.

64. Elan, through the above-described conduct, has conspired and combined to monopolize trade or commerce in the state of Florida with specific intent to eliminate competitors for controlled release naproxen products in Florida.

65. The conduct of Elan constitutes a violation of Fla. Stat. § 542.19.

66. By reason of this violation, Andrx has been injured in its business and property. Andrx is entitled to recover threefold such actual damages as determined and the cost of suit including a reasonable attorney fee and injunctive relief. Fla. Stat. §§ 542.22-23.

## COUNT VII

67. Andrx repeats and realleges each and every allegation contained in paragraphs 1 through 8 and 11 through 46 with the same force and effect as though said allegations were fully set forth herein.

68. Elan, through the above-described conduct, has conspired and combined to attempt to monopolize trade or commerce in the state of Florida with specific intent to eliminate competitors for controlled release naproxen and Sustained Release naproxen products in Florida.

69. The conduct of Elan constitutes a violation of Fla. Stat. § 542.19.

70. By reason of this violation, Andrx has been injured in its business and property. Andrx is entitled to recover threefold such actual damages as determined and the cost of suit including a reasonable attorney fee and injunctive relief. Fla. Stat. §§ 542.22-23.

## COUNT VIII

71. Andrx repeats and realleges each and every allegation contained in paragraphs 1 through 8 and 11 through 46 with the same force and effect as though said allegations were fully set forth herein.

72. Elan, through the above-described conduct, has engaged in unfair methods of competition, unconscionable acts or practices in the conduct of commerce affecting the commerce of the State of Florida with the specific intent to prevent competitors from selling controlled release naproxen products in Florida.

73. The conduct of Elan constitutes a violation of Fla. Stat. § 501.204.

74. By reason of this violation, Andrx has been injured in its business and property and is entitled to recover such actual damages as the trier of fact finds Andrx to have sustained and the cost of suit including a reasonable attorney fee and injunctive relief.

## COUNT IX

75.     Andrx repeats and realleges each and every allegation contained in paragraphs 1 through 8 and 11 through 46 with the same force and effect as though said allegations were fully set forth herein.

76.     Elan, through the above-described conduct, have engaged in unfair methods of competition, unconscionable acts or practices in the conduct of commerce affecting the commerce of the State of Florida with the specific intent to eliminate competitors for controlled release naproxen products in Florida.

77.     The conduct of Elan constitutes unfair competition under the common law of the State of Florida.

78.     By reason of this violation, Andrx has been injured in its business and property and is entitled to recover such actual damages as the trier of fact finds Andrx to have sustained and the cost of suit including a reasonable attorney fee and injunctive relief.

WHEREFORE Andrx respectfully requests that the Court:

A.  declare and adjudge that Andrx has not infringed and will not infringe United States Patent No. 5,637,320;

B.  declare and adjudge that United States Patent No. 5,637,320 is invalid;

C.  declare and adjudge that United States Patent No. 5,637,320 is unenforceable due to patent misuse;

D.  hold Elan liable for antitrust violations under the laws of the United States;

E.  hold Elan liable for antitrust violations under the laws of Florida;

F.  hold Elan liable for acts of unfair competition under the laws of Florida;

G.  award Andrx treble damages for the antitrust violations of Elan;

H.  award Andrx damages for the assertion of a patent which Elan knew to be invalid;

  I.  award Andrx its costs, reasonable attorneys' fees and expenses; and

  J.  award Andrx such other and further relief as the Court deems just and proper including punitive damages.

Dated: September 18, 2000

Respectfully submitted,

HOULIHAN & PARTNERS, P.A.
2600 Douglas Road, Suite 600
Miami, FL 33134
Telephone: (305) 460-4091
Facsimile: (305) 460-4099

OF COUNSEL

James V. Costigan, Esq.
Alan B. Clement, Esq.
Martin P. Endres, Esq.
HEDMAN, GIBSON & COSTIGAN, P.C.
1185 Avenue of the Americas
New York, NY 10036

By: /s/ Gerald J. Houlihan
(Gerald J. Houlihan, Esq.
Florida Bar No. 458430

(Rev 2/96)

# CIVIL COVER SHEET 00-3481

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFF
Andrx Pharmaceuticals, Inc.

## DEFENDANTS
Elan Corporation, PLC

MAGISTRATE
BANDSTRA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Dublin, Ireland
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A Dade 00-3481 (J)-DMM / Bandstra

(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
Houlihan & Partners, Inc.
2600 Douglas Road, #600
Miami, FL 33134 USA

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

## IV. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

A CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

A REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

A TORTS — PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury — Med Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

A CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
- HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

A LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl Ret Inc Security Act

A BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

A PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

B SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

A OTHER STATUTES
- ☐ 400 State Reapportionment
- ☒ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions A OR B

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 USC §1,2 , 15 USC §15,26 , Fla. Stat. §542.18, §42.22-23, §542.19, 501.204

LENGTH OF TRIAL: 14 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE: Jordan
DOCKET NUMBER: 98-7164 - Jordan
00-07057 - Jordan

DATE: 9/18/00
SIGNATURE OF ATTORNEY OF RECORD: [signature] Esq.

FOR OFFICE USE ONLY

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAC JUDGE ___

$150.00  828402
09/18/00

NON-COMPLIANCE OF S.D. Fla. L.R. 5.1(A)